OPINION — AG — ** TAX COMMISSION ** (1) A MECHANISM OF TRUST FINANCING, WHEREBY A PUBLIC TRUST ESTABLISHES A CHECKING ACCOUNT IN ITS OWN NAME AND PERMITS A NON TAX EXEMPT PARTY TO USE SAID CHECKING ACCOUNT TO MAKE PURCHASES WHICH ARE SUBJECT TO SALES OR USE TAX, HAS NO EFFECT ON THE TAX EXEMPT STATUS OF THE PUBLIC TRUST. SUCH AN ARRANGEMENT WOULD NOT, HOWEVER, RELIEVE SAID PURCHASES OF TAX LIABILITY. (2) A CHURCH (RELIGIOUS, RELIGION) CAN LAWFULLY APPOINT AN AGENT TO CONSUMATE PURCHASES IN ITS BEHALF UNDER THE GENERAL LAW OF AGENCY; HOWEVER, THE GENERAL LAW OF AGENCY WOULD NOT PERMIT GOVERNMENTAL ENTITIES TO APPOINT AGENTS TO PURCHASES IN THEIR BEHALF. (3) THE STATUTE OF LIMITATIONS ON ASSESSMENTS FOR DELINQUENT SALES TAXES (68 O.S. 1971 223 [68-223]) DOES NOT COME INTO PLAY IN THE ABSENCE OF A FACTUAL TRANSACTION BEING PRESENTED. (4) PREVIOUSLY CONDUCTED AUDITS ARE NO BAR TO THE COLLECTION OF TAXES LAWFULLY DUE. (ESTOPPEL AGAINST STATE, REVENUE AND TAXATION, SALES TAX, AGENCY) CITE: OPINION NO. 77-106, 68 O.S. 223 [68-223] (FLOYD W. TAYLOR)